IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JUNIOR GLAY,

        Petitioner,

v.                                         CIVIL ACTION NO. 2:19cv305

HAROLD W. CLARKE, Director,
Virginia Department of Corrections,

        Respondent

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Junior Glay's ("Petitioner") *pro se* Petition for a Writ of Habeas Corpus ("the Petition") filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and Respondent Harold W. Clarke's ("Respondent") Motion to Dismiss, ECF No. 12. The matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("the undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the following reasons, the undersigned **RECOMMENDS** that Respondent's Motion to Dismiss, ECF No. 12, be **GRANTED**, and the Petition, ECF No. 1 be **DENIED** and **DISMISSED WITH PREJUDICE**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 14, 2002, before the Circuit Court of Arlington County ("Trial Court"), Petitioner entered *Alford*[1] pleas related to his convictions of entering a banking house while armed, robbery, and felony failure to appear. ECF No. 14, attach. 1 at 1, 3, 5. The Trial Court sentenced Petitioner to twenty years of imprisonment with seventeen years suspended for the armed entry of a banking house, five years of imprisonment with two years suspended for robbery, and one year of imprisonment for failure to appear. *Id.*, attach. 4 at 1-2. Petitioner was also placed on probation for ten years after his release for armed entry of a banking house and five years after his release for robbery. *Id.*

Petitioner did not file a direct appeal of his criminal conviction. *Id.* at 2. In September 2008, Petitioner filed a petition for a writ of error coram nobis in the Trial Court in September 2008, alleging ineffective assistance of counsel. *Id.* at 3-4. The Trial Court dismissed the petition for writ of error coram nobis on April 29, 2009, and Petitioner did not appeal that decision to the Supreme Court of Virginia. *Id.*

In February of 2010, Petitioner was sentenced to 84 months in federal prison for "counts of bank and wire fraud", which were unrelated to the 2002 charges underlying the instant petition and Petitioner's 2008 petition for a writ of error coram nobis. *See Id.* at 7 n.4. Upon his release from federal prison, Petitioner was brought before the Trial Court for violating the terms of his probation. *Id.* at 2. On August 22, 2014, the Trial Court held a probation revocation hearing and entered a final order on September 10, 2014. *Id.* For the armed entry of a banking house, the Trial Court ordered Petitioner to complete his previously suspended sentence and resuspended all but

---

[1] An *Alford* plea, where a defendant maintains his innocence but admits there is sufficient evidence for a fact-finder to find the defendant guilty beyond a reasonable doubt, qualifies as an adjudication of guilt. *United States v. King*, 673 F.3d 274, 282 (4th Cir. 2012).

2

ten years. *Id.* For the robbery conviction, the Trial Court imposed the remainder of his previously suspended sentence but allowed Petitioner to serve the sentences concurrently. *Id.*

On October 24, 2014, Petitioner filed a petition for a writ of habeas corpus in the Trial Court. *Id.* The Trial Court interpreted the state habeas Petition as raising the following claims: (1) "[h]is *Alford* plea was 'void and invalid, not intelligently render[ed]'" and (2) "[h]is trial counsel was ineffective for misadvising him of the immigration consequences of his guilty plea." *Id.*

On February 7, 2018, the Trial Court dismissed the state habeas petition. *Id.* at 8-9. First, the Trial Court held that the petition was time-barred under Virginia Code § 8.01-654(A)(2). *Id.* Next, the Trial Court found that "Petitioner's claim that his guilty plea was void because it was not 'intelligently render[ed]' [wa]s procedurally defaulted because he could have raised this claim in the trial court or on appeal." *Id.* at 5. Finally, the Trial Court held that at the time of Petitioner's pleas, Petitioner's counsel was under no obligation to inform Petitioner of the impact of his conviction on his immigration status. *Id.* at 6. The Trial Court explained that the United States Supreme Court required counsel to inform criminal defendants of the risk of deportation in *Padilla v. Kentucky*, 559 U.S. 356, 367 (2010). *Id.* at 6. However, *Padilla* was decided eight years after Petitioner's conviction and has not been made retroactive. *Id.* Finally, the Trial Court noted that Petitioner did not demonstrate that he was subject to removal based on the challenged convictions alone. *Id.* at 6. Because Petitioner was convicted of federal crimes after the challenged convictions, Petitioner could not meet his burden of showing he was subject to removal as a result of his *Alford* pleas (which was the subject of his ineffective assistance of counsel claim). Thus, the Trial Court denied and dismissed Petitioner's writ of habeas corpus. *Id.* at 8.

3

On October 16, 2018, the Supreme Court of Virginia refused the Petitioner's petition for appeal, holding that there was no reversible error in the judgment. *Id.* attach. 5 at 1.

On June 2, 2019, Petition filed the instant *pro se* § 2254 Petition for federal habeas relief, raising the same claims in his state habeas petition. *See* ECF No. 1 at 15-25. On November 7, 2019, Respondent filed a Motion to Dismiss, a Rule 5 Answer, a Brief in Support of the Motion to Dismiss, and *Roseboro* Notice. ECF Nos. 11-14. Petitioner filed a response to the Motion to Dismiss. ECF No. 15. Therefore, the instant Petition and Motion to Dismiss are ripe for recommended disposition.

## II. DISCUSSION

Before considering the merits of a federal habeas petition, the preliminary inquiry must be whether Petitioner's federal habeas petition was timely or may be excused for untimely filing under the Anti-terrorism and Effective Death Penalty Act ("AEDPA") and whether Petitioner's claims are procedurally defaulted or can overcome procedural default because of a fundamental miscarriage of justice.

A. <u>Timeliness</u>

   *1. Statute of Limitations under the AEDPA.*

"On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ('the AEDPA')." *Gilmore v. Ballard*, No. 2:09-CV-00041, 2009 WL 6319261, at *1 (S.D.W. Va. Oct. 22, 2009), *report and recommendation adopted in part*, No. CIV. A. 2:09-00041, 2010 WL 1286891 (S.D.W. Va. Mar. 26, 2010). As Respondent notes, this case is governed by the limitation period set forth in the AEDPA. ECF No. 14 at 4. The applicable section of the AEDPA provides, in pertinent part, that:

4

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) of the AEDPA further provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Therefore, Section 2254 petitions such as the instant Petition are subject to a one-year statute of limitations and must be dismissed if they are filed later than one year after the expiration of the time to seek direct review of the highest state court's decision by the Supreme Court of the United States. *See* 28 U.S.C. § 2244(d)(1)(A).

2. *The Petition is untimely.*

In the instant matter, the Trial Court entered final orders on January 24, 2002 and January 31, 2002. ECF No. 14, attach. 4 at 1. Petitioner had thirty days to appeal his criminal conviction. Va. Code Ann. § 8.01-675.3 (2019). Since the Petitioner did not direct appeal his criminal conviction, the judgment became final on March 4, 2002.[2] ECF No. 14 at 5. Applying the one-year AEDPA deadline, Petitioner's statute of limitations for filing a petition for federal habeas corpus relief under 28 U.S.C. § 2244(d)(1)(A) expired on March 4, 2003. The instant Petition was

---

[2] March 2, 2002 was a Saturday. *See* Va. Code Ann. § 1-210(B).

5

filed June 2, 2019,[3] which is 6300 days (or 17 years, 2 months, and 29 days) after the time for filing a federal habeas petition began to run on March 4, 2002, and consequently, 5934 days (or 16 years, 2 months, and 29 days) beyond the 365-day (one-year) deadline provided by the AEDPA.[4]

A petitioner may be entitled to belated commencement of the statute of limitations under 28 U.S.C. § 2244(d)(1)(D), which allows a petitioner to file a writ of habeas corpus within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner argues that the factual predicate underlying this claim occurred on January 14, 2008, when he was arrested by Immigration and Customs Enforcement ("ICE") officials. ECF No. 1 at 21 ("The fact that counsel may have in fact been ineffective did not manifest until approximately six years later, when the Petitioner was detained by ICE in 2008 . . .").

Even if the Court accepts Petitioner's argument that the factual predicate of the claim could not have been discovered until January 2008, the instant Petition was not filed until June 2, 2019 and therefore exceeds the 365-day (one-year) deadline provided by the AEDPA. Unless Petitioner is entitled to application of either statutory tolling or equitable tolling, the untimeliness of the Petition bars this Court's review of the same.

---

[3] Although the Petition was received by the United States District Court for the Eastern District of Virginia in the Norfolk Division on June 4, 2019, and not filed until June 10, 2019, the undersigned affords Petitioner the benefit of the "prison mailbox rule," which deems prisoner court filings to be "filed" as of the date that the documents are given to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) and Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts. *See also Booker v. Clarke*, No. 1:15CV781 (JCC/JFA), 2016 WL 4718951, at *4 (E.D. Va. Sept. 8, 2016), appeal dismissed, 678 F. App'x 152 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 234, 199 L. Ed. 2d 152 (2017), *reh'g denied*, 138 S. Ct. 538, 199 L. Ed. 2d 414 (2017) ("For federal purposes, a pleading submitted by an incarcerated litigant acting *pro se* is deemed filed when it is delivered to prison officials for mailing.") (citing *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988)).

[4] The allegations in the Petition challenge Petitioners underlying convictions in 2002, not the revocation of his probation in 2014. Therefore, the Court analyzes the Petition according to the date of final judgment of the Petitioner's underlying convictions.

6

*3. Petitioner is not entitled to statutory tolling.*

As explained in Part II.A1, *supra*, Section 2244(d)(2) of the AEDPA provides for tolling of the federal one-year statute of limitations during the pendency of a "properly filed" state habeas petition. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

The undersigned finds that the benefits of statutory tolling (pursuant to 28 U.S.C. § 2244(d)(2)) are unavailable to Petitioner. To be properly filed, the petition must comply with the state's procedural rules imposed on post-conviction petitions, *Pace v. DiGuglielmo*, 544 U.S. 408, 413-17 (2005) (denying statutory tolling to an improperly filed petition when the state court rejected the petition as untimely), and violation of those rules, including "time limits, place for filing and filing second or successive petitions," will render that petition improperly filed and ineligible for statutory tolling. *Rodgers v. Angelone*, 113 F. Supp. 2d 922, 929 (E.D. Va. 2000). Petitioner's state habeas petition was dismissed by the Trial Court as untimely. *See* ECF No. 14, attach. 4 at 2-4. Because Petitioner's state habeas petition was not properly filed, it does not entitle him to any statutory tolling pursuant to 28 U.S.C. § 2244(d)(2).

Having determined that statutory tolling is unavailable to Petitioner, the undersigned considers Petitioner's final refuge: equitable tolling.

*4. Petitioner is not entitled to equitable tolling.*

"To qualify for equitable tolling, a petitioner must demonstrate both that (1) he had been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." *Rashid v. Clarke*, No. 1:18CV262 (TSE/MSN), 2018 WL 1937349, at *3 (E.D. Va. Apr. 24, 2018) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v.*

7

*DiGuglielmo*, 544 U.S. 408, 418 (2005))). In the Fourth Circuit, that means "the petitioner is obliged to specify the steps he took in diligently pursuing his federal claim, and a lack of diligence generally acts to negate the application of equitable tolling." *Rashid*, 2018 WL 1937349, at *3 (citing *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001)). "In addition, the petitioner must 'demonstrate a causal relationship between the extraordinary circumstance on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the circumstances.'" *Rashid*, 2018 WL 1937349, at *3 (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Petitioner acknowledges that the Petition is untimely and requests equitable tolling. ECF No. 15 at 5. Specifically, Petitioner contends that the requirements of equitable tolling are satisfied as he acted with diligence when he "hired the SRIS Law Group to file a writ of corim nobis in 2008 upon his arrest by I.C.E.," and an extraordinary circumstance precluded his timely filing as "I.C.E [sic] did not place a detainer on the petitioner, which could have triggered the knowledge that the legal advice obtained from his counsel ... w[as] erroneous." ECF No. 1 at 28-29. Although Petitioner observes that he has taken actions to challenge his original conviction since 2008 (namely through his petition for writ of error coram nobis and his state habeas petition), the extended duration of a case, by itself, is not automatically tantamount to a diligent pursuit of the same. Petitioner does not provide any specific details about what steps he took to diligently pursue his federal habeas claim. Moreover, it cannot be said that Petitioner diligently pursued his rights when he waited over eight months after the dismissal of his state habeas petition to file the instant petition—both of which are based on the same allegations.

What is most damaging to the Petitioner's claim is that he has not demonstrated an extraordinary circumstance that warrants equitable tolling. Assuming *arguendo* that Petitioner received erroneous advice by counsel, courts have consistently found that a mistake by counsel is not an "extraordinary circumstance[]." *Rouse v. Lee*, 339 F.3d 238, 248-49 (4th Cir. 2003) ("[A]ttorney error is not an extraordinary circumstance . . . ."); *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) ("[A]ttorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."); *Harris v. Hutchinson*, 209 F.3d 325, 331 (4th Cir. 2000) (finding that an attorney's mistaken understanding of the statute of limitations was not an extraordinary circumstance).

Moreover, even assuming that mistaken advice is an extraordinary circumstance, Petitioner has not stated sufficient facts to demonstrate a causal relationship between the mistaken advice and the lateness of filing. As the Trial Court noted, Petitioner realized that his conviction was a deportable offense in 2008, when he filed his petition for writ of coram nobis. ECF No. 14, attach. 4 at 3-4. However, the Petitioner does not explain the delay between the moment he became aware of the immigration consequences and time at which he filed his habeas corpus petition. Without more specificity, Petitioner cannot demonstrate a causal relationship between the allegations of ineffective assistance of counsel and the lateness in filing.

Although the Supreme Court has made clear that "the timeliness provision in the federal habeas corpus statute is subject to equitable tolling," *Holland v. Florida*, 560 U.S. 631, 634 (2010) (citing 28 U.S.C. § 2244(d)), on this record, the undersigned finds that Petitioner fails to establish that such tolling should be applied to excuse his delayed filing of the instant Petition.

The undersigned's reluctance to find that Petitioner has demonstrated entitlement to equitable tolling is further informed by the Fourth Circuit's recognition that equitable tolling is to

9

be applied only in rare circumstances. *See Rouse*, 339 F.3d at 246 ("We believe, therefore that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result."). Ultimately, Petitioner has failed to demonstrate that application of equitable tolling is warranted. To hold otherwise would run afoul of the Supreme Court's "historic limitation of equitable tolling to extraordinary circumstances beyond a petitioner's control." *Whiteside v. United States*, 775 F.3d 180, 187 (4th Cir. 2014). Accordingly, the undersigned **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED** on the basis of Respondent's timeliness argument.

Although the undersigned's determination that the Petition was not timely filed provides sufficient grounds to grant the Motion to Dismiss, the undersigned will also address Respondent's second basis for dismissal of the Petition, namely, whether Petitioner's procedural default of his claims operates as a bar to review of the same on federal habeas review.

B. Exhaustion and Procedural Default

Before considering the merits of a federal habeas petition, the preliminary inquiry must be whether Petitioner appropriately exhausted the claims asserted in the Petition, and whether Petitioner has procedurally defaulted on his claims.

*1. Exhaustion*

Section 2254 allows a prisoner held in state custody to challenge his detention on the ground that his custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner, however, must exhaust his available state remedies or demonstrate the absence or ineffectiveness of such remedies before petitioning for federal habeas relief in order to give "state courts the first opportunity to consider alleged constitutional errors

occurring in a state prisoner's trial and sentencing." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Importantly, "[t]he burden of proving that a claim is exhausted lies with the habeas petitioner." *Id.* at 618. The exhaustion requirement is satisfied if the prisoner seeks review of his claim in the highest state court with jurisdiction to consider it through either direct appeal or post-conviction proceedings, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999), and the "essential legal theories and factual allegations advanced in the federal court [are] the same as those advanced at least once to the highest state court," *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993). "Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition." *Moody v. Dir., Virginia Dep't of Corr.*, No. 1:14CV1581 (GBL/TCB), 2016 WL 927184, at *3 (E.D. Va. Mar. 3, 2016), appeal dismissed, 669 F. App'x 160 (4th Cir. 2016) (citing *Duncan v. Henry*, 513 U.S. 364 (1995)).

   2. *Procedural Default.*

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). As the Fourth Circuit has explained, the procedural default doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). *See also Hedrick v. True*, 443 F.3d 342, 359 (4th Cir. 2006) ("A federal claim is deemed procedurally defaulted where 'a state court has declined to consider the claim's merits on the basis of an adequate and independent state

procedural rule.' . . . A federal court cannot review a procedurally defaulted claim unless the prisoner can demonstrate cause and prejudice for the default or a fundamental miscarriage of justice.") (quoting *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998); citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)) (internal citations omitted). As the Supreme Court has observed, "[t]he procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (citing *McCleskey v. Zant*, 499 U.S. 467, 493 (1991)).

Additionally, a petitioner seeking federal habeas relief also procedurally defaults his claims when he "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Breard*, 134 F.3d at 619 (quoting *Coleman*, 501 U.S. at 735 n.1). When considering a petition for federal habeas corpus, § 2254(d) mandates that a state court's finding of procedural default be presumed correct, provided that the state court relied explicitly on procedural grounds to deny petitioner relief and that the procedural rule relied on is an independent and adequate state ground for denying relief. *See Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (explaining that "an adequate and independent state procedural bar to the entertainment of constitutional claims must have been 'firmly established and regularly followed' by the time as of which it is to be applied") (citing *James v. Kentucky*, 466 U.S. 341, 348-51 (1984)).

Absent a showing of cause for the default and prejudice or a fundamental miscarriage of justice (such as actual innocence), this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989). *See also Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 588 (E.D. Va. 2006) (explaining that "a petitioner may nonetheless overcome

procedural default, and have his claims addressed on the merits, by showing either cause and prejudice for the default, or that a miscarriage of justice would result from the lack of such review") (citing *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *Savino v. Murray,* 82 F.3d 593, 602 (4th Cir. 1996)). The Fourth Circuit has held that "[t]o establish cause, a petitioner must 'show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" *Hedrick v. True,* 443 F.3d 342, 366 (4th Cir. 2006) (quoting *Murray v. Carrier,* 477 U.S. 478, 488 (1986)). *See also Davila v. Davis,* 137 S. Ct. 2058, 2065, 198 L. Ed. 2d 603 (2017) ("A factor is external to the defense if it 'cannot fairly be attributed to' the prisoner.") (quoting *Coleman v. Thompson,* 501 U.S. 722, 753 (1991)). "This requires a demonstration that 'the factual or legal basis for the claim was not reasonably available to the claimant at the time of the state proceeding.'" *Hedrick v. True,* 443 F.3d 342, 366 (4th Cir. 2006) (quoting *Roach v. Angelone,* 176 F.3d 210, 222 (4th Cir. 1999)). "Importantly, a court need not consider the issue of prejudice in the absence of cause." *Booker v. Clarke,* No. 1:15CV781 (JCC/JFA), 2016 WL 4718951, at *5 (E.D. Va. Sept. 8, 2016), *appeal dismissed,* 678 F. App'x 152 (4th Cir. 2017), cert. denied, 138 S. Ct. 234, 199 L. Ed. 2d 152 (2017), *reh'g denied,* 138 S. Ct. 538, 199 L. Ed. 2d 414 (2017) (citing *Kornahrens v. Evatt,* 66 F.3d 1350, 1359 (4th Cir. 1995), *cert. denied,* 517 U.S. 1171 (1996)).

3. *Petitioner's claims are procedurally defaulted on adequate and independent state-law grounds.*

Here, the Trial Court dismissed Petitioner's state habeas petition pursuant to Virginia Code Section 8.01-654(A)(2), finding that because the petition was filed more than one year after Petitioner's convictions became final, the petition was not timely filed. *See* ECF No. 14, attach. 4

at 2-4.[5] The Supreme Court of Virginia upheld the Trial Court's decision and refused the petition for appeal. *Id.*, attach. 5 ("Upon review of the record in this case and consideration of the argument submitted in support of the granting of an appeal, the Court is of the opinion there is no reversible error in the judgment complained of."). Accordingly, although Petitioner exhausted his state court remedies, his claims are barred because his procedural default constitutes an adequate and independent state law ground.

In the Fourth Circuit, it is well-established that "Virginia Code § 8.01–654(A)(2) constitutes an adequate and independent state-law procedural rule." *Baker v. Clarke*, 95 F. Supp. 3d 913, 917 (E.D. Va. 2015) (explaining that "a state procedural rule is 'adequate' if it is 'regularly or consistently applied by the state court,' and is 'independent' if its application does not depend on the federal Constitution") (citing *Williams v. French*, 146 F.3d 203, 209 (4th Cir. 1998)) (internal citations omitted). It is equally well-established that "a federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (citing *Beard v. Kindler*, 558 U.S. 53, 55 (2009)). Here, because the Virginia Supreme Court found no reversible error in the Trial Court's decision, and because the Trial Court summarily dismissed this claim as procedurally barred, this Court is barred from reviewing Petitioner's claim because the state court relied on an independent and adequate state law ground. *See Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587-88 (E.D. Va. 2006).

4. *Petitioner Cannot Overcome Procedural Default.*

---

[5] The Trial Court also held that even if the statute of limitations began to run at the time Petitioner became aware of the immigration consequences of his pleas, he still did not file a habeas petition within Virginia's statute of limitations. ECF No. 14, attach. 4 at 4.

Petitioner may overcome procedural default by "showing [] cause and prejudice or a fundamental miscarriage of justice due to [his] actual innocence." *Silk*, 2009 WL 742552, at *3 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998), and *Harris v. Reed*, 489 U.S. 255, 262 (1989)). Throughout his briefs, Petitioner intermittently asserts his innocence without supporting evidence. *See* ECF No. 1 at 19-20, 24, 30. Without any supporting evidence, Petitioner cannot demonstrate a fundamental miscarriage of justice because conclusory statements of actual innocence are insufficient, and he offers no argument, new reliable evidence, or factual contentions to substantiate such a claim.[6] *Royal v. Taylor*, 188 F.3d 239, 244 (4th Cir. 1999) ("In order to use an actual innocence claim as a procedural gateway to assert an otherwise defaulted claim, 'the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the *new evidence*.'") (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)) (emphasis added).

"[C]ause" refers to "some objective factor external to the defense [that] impeded counsel's [or the petitioner's] efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n.24 (1999) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Petitioner argues that the Court's failure to address his claims will result in a "fundamental miscarriage of justice," but offers no other argument as to why these claims were not brought in 2008, when he learned about the immigration consequences of his pleas, ECF No. 1 at 30-31, 35, nor does he offer any "objective factor" that prevented him from presenting these claims. Therefore, Petitioner failed to overcome procedural default because he did not present argument regarding some objective factor external to the defense that impeded his efforts to comply with the rule. *Accord*

---

[6] The fact that the Defendant entered an *Alford* plea rather than a plea of guilty does not substantiate a claim of innocence. The Defendant's *Alford* plea "implies a confession ... of the truth of the charge ... [and by this plea he] agrees that the court may consider him guilty" for the purpose of imposing judgment and sentence. *Commonwealth v. Jackson*, 499 S.E.2d 276, 278 (Va. 1998), quoting *Honaker v. Howe*, 60 Va. (19 Gratt.) 50, 53 (1869).

*Strickler*, 527 U.S. at 283 n.24. Absent cause, a prejudice analysis is unnecessary. *See Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995) (noting that courts should not consider the issue of prejudice absent cause to avoid the risk of reaching an alternative holding). The undersigned would find that Petitioner's claim regarding the validity of his pleas are procedurally defaulted, and thus, should be dismissed.

### III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 12, be **GRANTED**, and the Petition, ECF No.1, be **DISMISSED WITH PREJUDICE.**

### IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985);

*Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and to counsel for Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
April 24, 2020